IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| F. RYAN BEMIS d/b/a Frank Bemis & Associates, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 09-315-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff F. Ryan Bemis (Doc. 16). For the following reasons, the motion is granted.

### INTRODUCTION

On February 11, 2005, Plaintiff F. Ryan Bemis filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, against Defendants Safeco Insurance Company of America ("Safeco of America") and Safeco Insurance Company of Illinois ("Safeco of Illinois").[1] Bemis, a chiropractor, alleged that he furnished medical care to a Safeco insured under the medical payments ("Medpay") provisions of a property and casualty insurance policy issued by Safeco or an affiliated company and that Safeco, as part of a scheme to evade paying reasonable and necessary expenses for medical care pursuant to Medpay coverage provisions, used

---

1. Hereinafter throughout this Order the Court will refer collectively to both Safeco of America and Safeco of Illinois as "Safeco" whenever possible.

computer auditing software to reduce its payment for the care furnished by Bemis. Proceeding as the assignee of a Safeco insured, Thatcher Levi, Bemis asserted on behalf of himself and a proposed class of similarly-situated persons claims for breach of contract, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and similar state consumer protection statutes, and unjust enrichment. He sought certification of a class defined as:

> All insured persons and licensed medical providers who: (a) submitted first-party medical claims to a Safeco member company pursuant to a Safeco insurance policy; (b) had their claim submitted to computer review[;] (c) received or were tendered an amount less than the submitted medical expenses[;] and (d) received or were tendered an amount less than the stated policy limits.

Doc. 2-3 at 9 ¶ 32. On March 14, 2007, Bemis was granted leave by the Madison County court to file an amended complaint that was substantially identical to his original complaint, save for the omission of certain attorneys as counsel for Bemis and the proposed class.

On March 25, 2009, the state court granted class certification in this cause, defining the certified class as follows:

> All persons insured by Safeco property and casualty insurance companies in the states of Arkansas, Colorado, Connecticut, Illinois, Indiana, Iowa, Mississippi, New Hampshire, New Mexico, Ohio, South Dakota, Texas, Wisconsin and West Virginia (and their assignee medical providers), who
> (a) during the period from January 1, 1997, to the date of this Order, submitted one or more claims for payment of medical expenses pursuant to an automobile policy's medical payments coverage;
> (b) had their claim(s) adjusted and reviewed by computer bill review software incorporating Ingenix "MDR modules;" and
> (c) received or were tendered payment in an amount less than the submitted medical expenses due to charges purportedly exceeding the usual, customary or reasonable amount, based on the Ingenix "MDR modules."

Doc. 2-12 at 110. On April 24, 2009, Safeco removed the case to this Court, asserting the existence of federal subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered

sections of 28 U.S.C.). Bemis in turn moved for remand of the case to state court for lack of subject matter jurisdiction. Bemis's motion for remand has been fully briefed, and the Court now rules as follows.

## ANALYSIS

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901 (2006). *See also Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-709-JPG, 2007 WL 3231423, at *2 (S.D. Ill. Oct. 30, 2007); *Southern Ill. Beverage, Inc. v. Hansen Beverage Co.*, No. 07-CV-391-DRH, 2007 WL 3046273, at *2 (S.D. Ill. Oct. 15, 2007); *Cox v. Strauch*, Civil No. 07-680-GPM, 2007 WL 2915593, at *2 (S.D. Ill. Oct. 5, 2007). The defendant has the burden of establishing that an action is removable, and doubts concerning removal must be resolved in favor of remand to state court. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at *2 (S.D. Ill. Oct. 3, 2007); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006); *Fiore v. First Am. Title Ins. Co.*, No. 05-CV-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005).

Under CAFA, federal courts have jurisdiction in diversity, with exceptions not at issue here, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), over class actions with one hundred or more class members, *see* 28 U.S.C. § 1332(d)(5)(B), in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class or any defendant is a foreign state or a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(d)(2).[2] In a class action in which CAFA's requirement of minimal diversity is met, a federal court has jurisdiction if, after aggregating class members' claims, more than $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(2), (d)(6). Class actions filed in state court that satisfy the jurisdictional prerequisites of CAFA are subject to removal to federal court. *See* 28 U.S.C. § 1453(b), (c). *See also Locklear Elec. v. My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at *1 (S.D. Ill. Nov. 26, 2007); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *2 (S.D. Ill. Nov. 14, 2007); *Bemis v. Allied Prop. & Cas. Ins. Co.*, No. 05-CV-751-DRH, 2006 WL 1064067, at *2 (S.D. Ill. Apr. 20, 2006). In this instance, it is undisputed that this is a class action involving one hundred or more class members in which the requisite minimal diversity of citizenship exists: Bemis is an Illinois citizen, while Safeco of America is a corporate citizen of Washington. *See* Doc. 2 at 11-12 ¶¶ 36- 40.[3] Similarly, the record

---

2.  It perhaps is worth mentioning that a "class action" for CAFA purposes includes putative class actions, *see* 28 U.S.C. § 1332(d)(1)(B); *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc*., 461 F. Supp. 2d 757, 763 n.2 (S.D. Ill. 2006), although, of course, as noted this case has been certified as a class action in state court before removal.

3.  The citizenship of a natural person for purposes of diversity jurisdiction under CAFA is determined by that person's domicile, that is, the place where the person is physically present with the intent to remain there. *See Kitson*, 2006 WL 3392752, at *6. With respect to business organizations, the citizenship of both corporations and unincorporated associations is determined by (1) the state under the law of which they are organized and (2) the state where they maintain their principal place of business, with the latter being tested in this Circuit under a "nerve center"

in this case shows that an amount in excess of $5 million, exclusive of interest and costs, is in dispute. *See* Doc. 5-43 & Ex. A. The principal issue in contention here is whether this action was commenced on or after the effective date of CAFA.

"CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). *See also Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2122420, at *2 (S.D. Ill. July 20, 2007); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *2 (S.D. Ill. July 6, 2007). The question of when a lawsuit initially is "commenced" for purposes of removal under CAFA is determined by the law of the state where a class action originally was filed. *See Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005); *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, No. CIVMDL-03-1562GPM, Civ. 05-10007-GPM, 2006 WL 644793, at *2 (S.D. Ill. Mar. 9, 2006); *Alsup v. 3-Day Blinds*, No. Civ. 05-287-GPM, 2005 WL 2094745, at **2-3 (S.D. Ill. Aug. 25, 2005). Under the law of Illinois, where this action initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a). *See also Del Raine v. Carlson*, 826 F.2d 698, 707 (7th Cir. 1987) (citing *Lawrence v. Williamson Ford, Inc.*, 300 N.E.2d 636, 640 (Ill. App. Ct. 1973)) (under Illinois law, "suit is commenced by filing the complaint[.]"); *Jackson v. Navik*, 308 N.E.2d 143, 145 (Ill. App. Ct. 1974) ( "[A]n action is commenced when the complaint is filed . . . and . . . in situations where the statute of limitations has run in the interval between the filing of the complaint

---

standard. *See* 28 U.S.C. § 1332(c)(1), (d)(10); *Kitson*, 2006 WL 3392752, at *7.

and service of summons, the effect of the statute of limitations is avoided when reasonable diligence is exercised in obtaining service of process[.]"); *Kohlhaas v. Morse*, 183 N.E.2d 16, 19 (Ill. App. Ct. 1962) ("[A] suit is commenced when the complaint is filed even though service is not obtained until after the statutory period."). Thus, this action was commenced for CAFA purposes on February 11, 2005, when, as noted, it was filed originally in the Madison County circuit court.

This is not, however, the end of the matter. The United States Court of Appeals for the Seventh Circuit has held that, in some instances, events occurring after the initial filing of a class action may "commence" or, perhaps more properly, recommence the action after the effective date of CAFA so as to make the case removable under the statute. In *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005), the court said that "a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." *Id.* at 807. The court said also that "when a claim relates back to the original complaint (and hence is treated as part of the original suit)," the amendment will not be deemed to permit removal under CAFA, whereas "when [the claim] is sufficiently independent of the original contentions that it must be treated as fresh litigation," it may be regarded as a commencement of the action after the effective date of CAFA so as to permit removal under the statute. *Id.* More recently, the Seventh Circuit Court of Appeals held that for purposes of removal under CAFA "an amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not 'relate back' to the original complaint." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006). *See also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88

(7th Cir. 2006) (in a class action filed in Illinois state court before the effective date of CAFA and removed to federal court on the grounds that an amendment of the complaint after the effective date of the statute commenced a new action so as to permit removal, holding that the amendment related back to the filing date of the original complaint under Illinois law and therefore did not authorize removal under CAFA).

The principal issue in dispute between the parties to this case is whether the class certified by the state court, which includes insureds and assignees of insureds of Safeco and affiliated companies of Safeco, commenced this action after the effective date of CAFA so as to make the case removable to federal court. *See Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757-58 (7th Cir. 2006) (holding that a post-CAFA expansion of the class definition in a case to include insureds under policies issued by all of the defendant insurer's affiliates and subsidiaries constituted commencement of a new action, rendering the suit removable under CAFA even though the insurer remained the single named defendant in the case); *Williams v. American Equity Mortgage, Inc.*, No. 08-cv-0381-MJR, 2009 WL 211154, at **2-4 (S.D. Ill. Jan. 29, 2009) (noting that, were a state court to certify a class action against a mortgage company both for its own allegedly fraudulent conduct and that of its parent, subsidiary, and affiliate companies, this would constitute such an expansion of liability as to comprise a post-CAFA commencement of a new action such as to make the case removable to federal court). *See also Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (quoting *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005)) ("[A] defendant added after February 18[, 2005, the effective date of CAFA,] could remove because suit *against it* would have been commenced after the effective date[.]") (emphasis in original). In other words, if the class definition approved by the state court in this case relates back to the pre-CAFA

filing date of Bemis's original complaint, February 11, 2005, then the case is not removable to this Court, but if it does not relate back then the case is so removable; as discussed, the issue of relationship back is tested under the law of Illinois, where the case originally was filled.

Relation back of amendments under Illinois law is governed by 735 ILCS 5/2-616, which provides, in pertinent part,

> The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616(b). *See also Longnecker v. Loyola Univ. Med. Ctr.*, 891 N.E.2d 954, 964-65 (Ill. App. Ct. 2008); *Stringer v. Estate of Jasaitis*, 496 N.E.2d 1196, 1198 (Ill. App. Ct. 1986). In *Porter v. Decatur Memorial Hospital*, 882 N.E.2d 583 (Ill. 2008), the Supreme Court of Illinois recently addressed and clarified the test of when a claim relates back to the original complaint. In *Porter*, the plaintiff filed a lawsuit against his treating physician for alleged negligence that the plaintiff suffered while undergoing treatment for a spinal cord injury. *See* 882 N.E.2d at 585. Thereafter the plaintiff joined the hospital where he received treatment for his spinal cord injury as a party defendant by way of a first amended complaint. *See id.* at 586. Finally, the plaintiff sought leave to bring a second amended complaint that included a new count for negligence joining as a party defendant yet another physician, the plaintiff's treating radiologist. *See id.*

The hospital objected to the proposed amendment to join the radiologist and argued that the plaintiff's new negligence count was barred by the two-year statute of limitations; the plaintiff argued in turn that the newly-added count arose out of the same treatment as alleged in the original and first amended complaints and met the requirements of Section 2-616(b) of the Illinois Code of Civil Procedure for relation back. *See id*. at 587.

In concluding that the plaintiff's claim against the radiologist related back to the filing date of the plaintiff's original complaint for purposes of the statute of limitations, the *Porter* court adopted the "sufficiently close relationship" test of whether an amendment arises out of the same transaction or occurrence within the meaning of Section 2-616(b). The court observed that "there is no question that relation back is appropriate where a party seeks to add a new legal theory to a set of previously alleged facts." *Porter*, 882 N.E.2d at 592 (citing *In re Olympia Brewing Co. Sec. Litig*., 612 F. Supp. 1370, 1371-72 (N.D. Ill. 1985)). However, the court said, "an amendment is considered distinct from the original pleading and will not relate back where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two sets of facts are different in character, as for example when one alleges a slander and the other alleges a physical assault, or (3) the two sets of facts lead to arguably different injuries." *Id*. (citing *Olympia Brewing*, 612 F. Supp. at 1372). "But," the court explained further, "new factual additions will be considered to relate back where there is a 'sufficiently close relationship' between the original and new claims, both in temporal proximity and in the general character of the sets of factual allegations and where the facts are all part of the events leading up to the originally alleged injury." *Id*. (citing *Olympia Brewing*, 612 F. Supp. at 1372-73).

Thus, under the sufficiently close relationship standard, "a new claim will be considered to

have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury." *Porter*, 882 N.E.2d at 593 (citing *Olympia Brewing*, 612 F. Supp. at 1373). What is critical in determinations about relation back is that a defendant have "adequate notice and knowledge of the incident giving rise to the lawsuit." *Id*. at 592 (citing *Zeh v. Wheeler*, 489 N.E.2d 1342, 1347-48 (Ill. 1986)). Importantly, the *Porter* court reiterated the liberal policy that underlies Illinois law governing relation back of amendments in cases where a defendant has had a fair opportunity to investigate the circumstances upon which its liability is based while the facts are accessible and the defendant's attention has been directed, prior to the running of the statute of limitations, to the facts that form the basis of the claim asserted against it. "The purpose of the relation-back doctrine of section 2-616(b) is to preserve causes of action against loss by reason of technical default unrelated to the merits. Courts should therefore liberally construe the requirements of section 2-616(b) to allow resolution of litigation on the merits and to avoid elevating questions of form over substance." 882 N.E.2d at 589-90 (citations omitted). *See also Avakian v. Chulengarian*, 766 N.E.2d 283, 289-90 (Ill. App. Ct. 2002) (citing *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1223 (Ill. 1996)) ("[T]he 'relation back' doctrine, located in section 2-616, is remedial in nature and should be applied liberally to favor hearing a plaintiff's claim. Thus, plaintiffs are not to be barred from having the merits heard because of technical rules of pleading, and courts are [not] to elevate issues of substance over form."); *Dever v. Simmons*, 684 N.E.2d 997, 1003 (Ill. App. Ct. 1997) ("The relation-back rule is to be liberally construed so

that controversies can be determined according to the substantive rights of the parties.").[4]

In this case it is clear that the class definition approved by the state court relates back to Bemis's initial complaint so that the case is not removable under CAFA. Since the outset of this litigation Bemis has sought to hold Safeco liable for the conduct of affiliate companies of Safeco. Bemis's initial complaint filed February 11, 2005, states in its opening paragraph that "[t]his is a case about a scheme by [Safeco] and its *Safeco insurer affiliates* (such as American States) to mislead and improperly reduce payouts under [Medpay] coverage by using biased third party bill audit software programs to adjust those medical expense claims." Doc. 2-3 at 1 ¶ 1 (emphasis added). Even more importantly, Bemis's original complaint identified a proposed class of "[a]ll insured persons and licensed medical providers who . . . submitted first-party medical claims to a *Safeco member company* pursuant to a Safeco insurance policy[.]" *Id*. at 9 ¶ 32 (emphasis added). Other documents from the state-court record submitted by Safeco together with the notice of removal in this case reflect that Safeco was on notice that Bemis sought to hold Safeco liable for the conduct of affiliate companies from the beginning of this litigation. For example, Safeco of America sought dismissal of Bemis's claims against it on the grounds that its only relationship with Bemis was through affiliated companies for the conduct of which Safeco of America could not be liable absent extraordinary circumstances such as to warrant disregarding the form of separate corporate entities. *See* Doc. 2-3 at 33, 48; Doc. 2-7 at 26-27; *Id*. at 52-53. Similarly, at a hearing in state court conducted on June 28, 2006, with respect to a motion to compel

---

4. The Court notes in passing that although, as discussed, the issue of relation back for purposes of commencement under CAFA is governed by state law, federal law is substantially the same as state law on the issue of relation back. *See Schillinger*, 2006 WL 1388876, at *6 n.5 (quoting *Schorsch*, 417 F.3d at 751) ("[T]he Illinois statute governing relation back of amendments 'is functionally identical to Rule 15(c)' of the Federal Rules of Civil Procedure.").

discovery brought by Bemis, the parties debated Bemis's right to conduct discovery as to affiliates of Safeco of Illinois, the issuer of the policy under which the rights sued upon by Bemis were assigned. At the hearing Safeco's attorney acknowledged that to establish rights with respect to companies affiliated with Safeco of Illinois, Bemis would be required "to establish an entitlement . . . under some pseudo piercing of the corporate veil or vicarious liability" as between Safeco of Illinois and affiliated companies. Doc. 2-7 at 76-77.

Examples of Safeco's awareness that liability in this case encompassed liability for the acts of affiliates abound in the record and could easily be multiplied here, but there is no reason to do so. The Court's essential point is a simple one: that it is disingenuous for Safeco to pretend that prior to the state court's grant of class certification it had no reason to believe that Bemis intended to try to hold Safeco liable for the acts of affiliated companies. This has been apparent since the outset of this litigation in 2005. The Seventh Circuit Court of Appeals recently cautioned district courts in this Circuit against defendants that "deliberately increase[ their] potential liability in an attempt to be allowed to remove [a] case under the Class Action Fairness Act[.]" *Marshall v. H & R Block Tax Servs., Inc*., 564 F.3d 826, 829 (7th Cir. 2009). In this case, Safeco's arguments for removal notwithstanding, there has been no increase in Safeco's liability and Safeco has been on notice since 2005 when this litigation began that Bemis seeks to hold Safeco liable for the acts of affiliated companies. Accordingly, the class definition adopted by the state court relates back to the filing date of Bemis's original complaint, and this action is not removable under CAFA.[5]

---

5. Nor is this action removable under pre-CAFA law governing the exercise of diversity jurisdiction as to class actions. Under that law, a class action is removable in diversity only if there is complete diversity of citizenship between all class representatives and defendants, that is, no class representative is a citizen of the same state as any defendant, and at least one class representative has a claim that is worth more than $75,000, exclusive of interest and

CONCLUSION

Bemis's motion for remand to state court (Doc. 16) is **GRANTED**, and pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 7/8/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

costs. *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 779 (S.D. Ill. 2006); *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at **6-7 (S.D. Ill. Sept. 27, 2006). Safeco does not aver in the notice of removal in this case that Bemis's individual claim against Safeco exceeds $75,000, exclusive of interest and costs, and the Court has no reason to believe that it does.